STEPHEN NOLAN v. JAMES GARDNER, impleaded with another.

The recovery by a sub-contractor, in a proceeding under the mechanics' lien law, must be limited to the precise claim of the contractor under the very terms of the building contract; although an additional sum be due to the contractor in pursuance of a valid promise, made by the owner during the progress of the building, to pay the contractor certain unforeseen damages suffered in executing the contract.

GENERAL TERM, MAY, 1856.

Before INGRAHAM, FIRST J.; and DALY and BRADY, JJ.

ONE Henry Peck contracted with the defendant, Gardner, to build a house for a stipulated sum. The work was completed, and the money paid in full. During the progress of the building, the contractor met with a loss,

not anticipated when the contract was entered into, and which tended to diminish ·his expected profits in the under- taking. In view of this fact, the owner promised to pay him fifty dollars, in addition to the price mentioned in the con- tract. Whether the promise was sustained by any valid con- sideration, or whether the same was verbal or written, the evidence failed to disclose.

Under the employment of the contractor, and in pur- suance of the original contract, the plaintiff performed mason work upon the building. He subsequently filed ´a notice of claim ; not until after the contract price had been received by the contractor in full. The fifty dollars, how- ever, remained unpaid.

The Seventh District Court entered a judgment against the owner, from which an appeal was prosecuted.

*Cornelius W. Van Voorhis,* for the owner.

*Arminius Aiken,* for the claimant.

By THE COURT. DALY, J.—The judgment in this case must be reversed. The defendant had paid the contractor the full sum specified in the contract for the performance of the work before the plaintiff's lien was filed, and the statute declares ·that the owner shall not be obliged to pay any greater sum or amount than the price stipulated and agreed to be paid by the contract.

The lien contemplated by the statute is for labor performed in conformity with the terms of the contract ; and for the labor so performed, a lien may be acquired to the extent of the contract price.

A promise by the owner to the contractor to pay him fifty dollars for damages, which the contractor had sustained during the progress of the work, was a matter independent of the contract, and formed no part of the contract price. Even if such a promise could be enforced by the contractor against the owner, its non-fulfillment did not, as the justice supposed,

give the plaintiff a lien upon the building to the extent of the fifty dollars. The defendant, having paid the contractor the full contract price for the completion of the work, had fully performed and discharged the contract, and no lien could be acquired thereafter against the building.

Judgment reversed.